UNPUBLISHED

UNITED STATES COURT OF APPEALS

FOR THE FOURTH CIRCUIT

REED PRICE; BARBARA PRICE,
Plaintiffs-Appellants,

and

CAROLINA CRANE CORPORATION,
Plaintiff,

No. 97-1893

v.

FEDERAL PAPER BOARD COMPANY,
INCORPORATED; BE&K,
INCORPORATED,
Defendants-Appellees.

Appeal from the United States District Court
for the Eastern District of North Carolina, at Wilmington.
James C. Fox, District Judge.
(CA-96-25)

Argued: April 8, 1998

Decided: May 7, 1998

Before WILLIAMS, Circuit Judge, PHILLIPS, Senior Circuit
Judge, and G. Ross ANDERSON, Jr., United States District Judge
for the District of South Carolina, sitting by designation.

_____

Affirmed by unpublished per curiam opinion.

_____

COUNSEL

**ARGUED:** John Alan Jones, MICHAELS, JONES, MARTIN, PAR-
RIS & TESSNER LAW OFFICE, P.A., Raleigh, North Carolina, for

Appellants. Bruce Danforth Morton, HEDRICK & BLACKWELL, L.L.P., Wilmington, North Carolina, for Appellee Federal Paper Board; Walter Edgar Brock, Jr., YOUNG, MOORE & HENDERSON, P.A., Raleigh, North Carolina, for Appellee BE&K. **ON BRIEF:** Monique Peebles, MICHAELS, JONES, MARTIN, PARRIS & TESSNER LAW OFFICE, P.A., Raleigh, North Carolina, for Appellants. Jay P. Tobin, YOUNG, MOORE & HENDERSON, P.A., Raleigh, North Carolina, for Appellee BE&K.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Reed Price, a crane operator, sustained serious physical injuries when he inhaled toxic chlorine dioxide fumes while doing construction work at a paper mill owned by Federal Paper Board Company in Riegelwood, North Carolina. Federal Paper had contracted with BE&K, Inc. to renovate and maintain the Riegelwood plant. At the time of the accident, Price was employed by Carolina Crane Corporation, a subcontractor hired by BE&K. Price brought a premises liability suit against both Federal Paper and BE&K in which he alleged that defendants had failed to maintain the premises in a reasonably safe condition and to warn Price of hidden dangers and unsafe conditions that defendants knew or should have known to exist. Price's wife also brought a derivative loss of consortium claim.

Both defendants moved for summary judgment. By order dated April 3, 1996, the district court granted BE&K's motion, concluding "that the gas leak was a fortuitous event of unprecedented magnitude which BE&K could not reasonably foresee." (J.A. at 431.) The district court temporarily denied Federal Paper's motion, however, pending the receipt of additional briefing defining the scope of Federal Paper's duty to Price and whether the resolution of that issue was a

2

question of law or a question of fact. The district court directed that the supplemental memoranda be submitted on or before May 23, 1997. On May 23, Price submitted, along with his legal memoranda, an affidavit by Dr. Jessica Herzstein and a 1991 periodical article discussing the dangers of chlorine gas exposure to pulp mill workers. Federal Paper moved to strike both the affidavit and accompanying article pursuant to Rules 6 and 56 of the Federal Rules of Civil Procedure. By order dated June 5, 1997, the district court granted Federal Paper's motion to strike and its motion for summary judgment, concluding that Price had failed to forecast evidence sufficient to demonstrate that Federal Paper knew or reasonably should have known of the potential danger of exposure to chlorine dioxide gas to persons working in Price's location. Price appeals both orders.

We have reviewed the record and briefs in this case and have had the benefit of oral argument. After careful consideration, we affirm the grant of summary judgment to both Federal Paper and BE&K and the striking of the additional evidence for the reasons set forth in the district court's orders. See Price v. Federal Paper Bd. Co., No. 7:96-CV-25-F1 (E.D.N.C. Apr. 3, 1997); Price v. Federal Paper Bd. Co., No. 7:96-CV-25-F1 (E.D.N.C. June 5, 1997).

AFFIRMED

3